UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rogent Young,

                         Petitioner,

          v.

Kenneth Genalo, et al.,

                        Respondents.

26-CV-4543 (DEH)

ORDER

DALE E. HO, United States District Judge:

On May 29, 2026, Petitioner Rogent Young ("Petitioner" or "Mr. Young"), proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, while Petitioner was detained in the Orange County Correctional Facility within the Southern District of New York.  Petitioner, who has been detained for four months pending removal, seeks release from custody because he has been detained for longer than 90 days and because he argues the government has not met its burden to justify his continued detention.

The Court finds that the appointment of pro bono counsel is appropriate in this case.  In making this determination, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner because Mr. Young's claims have substantial merit.  In particular, Petitioner's due process claims raise complex legal issues that may be difficult for a pro se petitioner to adequately argue.  *See J.C.G. v. Genalo*, 2025 WL 88831, at *7 (S.D.N.Y. Jan. 14, 2025) (granting relief where habeas petitioner claimed Immigration Judge erred in violation of Fifth Amendment due process by failing to place the burden on the Government to prove by clear and convincing evidence that petitioner should be detained pending removal pursuant to 8 U.S.C. § 1226(a)).  Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues . . . ."  *Hodge*, 802 F.2d at 61.

Accordingly, the Court respectfully directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.  It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989).  There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another.  In either instance, Petitioner should be prepared to proceed with the case *pro se*.  If an attorney volunteers, the attorney will contact Petitioner, or his next friend, directly.

If Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants.  *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

2

## CONCLUSION

For the foregoing reasons, the Court respectfully directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. All scheduled hearings and briefing deadlines in this case are **ADJOURNED** *sine die*. The Court will set an updated briefing schedule upon Petitioner's representation by *pro bono* counsel. The Government will be permitted an opportunity to file a sur-reply.

Counsel for Respondents is directed to serve a copy of this Order on Petitioner, and to file proof of service on the docket.

SO ORDERED.

Dated: June 10, 2026
      New York, New York

                                  DALE E. HO
                        United States District Judge